IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH COLLINS,** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL NUTTER; LOUIS GIORLA;** | : | No. 13-1848 |
| and **JOHN DELANEY** | : | |
| | : | |

**MEMORANDUM AND ORDER**

Before the court is defendants' motion to dismiss plaintiff's complaint. Plaintiff Kenneth Collins alleges that he has been housed in an overcrowded cell at the Curran-Fromhold Correctional Facility. He claims that this condition violates his constitutional rights. Plaintiff brings this action under 42 U.S.C. § 1983. The court granted plaintiff's application to proceed *in forma pauperis* on April 24, 2013. On July 23, 2014, the City, on behalf of the named defendants, filed a motion to dismiss. Plaintiff filed a copy of the Declaration of Independence in response to the defendants' motion to dismiss.

**I.  BACKGROUND**

Plaintiff filed a typed, form complaint alleging counts against three defendants: Mayor Michael Nutter, Commissioner Louis Giorla, and Warden John Delaney. Plaintiff alleges that during his incarceration within the Philadelphia Prison System he was placed in a three man cell (a two person cell with a plastic boat on the floor for a third inmate). Plaintiff alleges he was subjected to overcrowded conditions including: inadequate recreational space; poor ventilation and air quality; damaged mattresses and sheets; inadequate laundry access; and inadequately trained correctional officers to supervise the overcrowding. He also alleges that showers "are covered with black mold and in disrepair, and the cells are infested with insects and rodents." The complaint further states, due to overcrowding, inmates were "subjected to extended periods of 'restricted movement' and

'lockdowns.'"  Plaintiff does not allege any personal physical injury.[1]

Plaintiff filed a copy of the Declaration of Independence adding his "autograph" to the list of signatures that appear at the end of the Declaration of Independence. This filing appears to be a response to defendants' motion to dismiss, but is incongruous and unresponsive to defendants' contentions.

The settlement agreement in *Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87, pertaining to a class of current and future persons confined in the Philadelphia Prison System, granted class based relief, but excluded individual claims for damages.  Section X(A) states, "plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal or state law." *Id.*  All such actions have been assigned to this court.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted.  A complaint must contain sufficient facts that, when accepted as true, state a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).  A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation.  *Id.* Legal conclusions must be supported by "well-pleaded factual allegations." *Id.* at 664.

## III.  DISCUSSION

Section 1983 provides a remedy for deprivation of rights established in the Constitution or

---

[1] Under the Prison Litigation Reform Act, an incarcerated plaintiff cannot recover compensatory damages if he has not alleged and proven a substantial physical injury.  28 U.S.C. §1997e(e).

by federal law. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). Liability under § 1983 cannot be premised on the theory of respondeat superior; personal wrongdoing of each individual must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

      Plaintiff's complaint appears to allege a Section 1983 claim based on his housing in the overcrowded Philadelphia Prison System. The complaint lists several allegations of inadequate or unsafe conditions based on prison overcrowding. The plaintiff does not allege any personal physical injury. Plaintiff is basing his Section 1983 claim on a violation of Fourteenth Amendment due process.[2] Due process is violated if a detainee is "punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

      Plaintiff names the Mayor of Philadelphia, the Commissioner of Prisons and the Warden of the Detention Center as defendants. Plaintiff has failed to include any allegations that these defendants were personally involved in the alleged deprivation of his constitutional rights. His complaint includes naming the defendants and their responsibilities in the "Parties" section of his complaint, and an allegation that the Mayor of Philadelphia and the City Managing Director devoted funds "to obstruct the plaintiff's aforementioned rights under the Constitution" by placing the plaintiff in three and four man cells. Listing defendants' job responsibilities and

---

[2] Plaintiff claims he was subject to the alleged overcrowded conditions while he was a pretrial detainee.

generally alleging funds are being directed to obstruct the plaintiff's rights without additional information are not sufficient to create allegations of personal direction or of actual knowledge and acquiescence. Consequently, plaintiff's allegations are not sufficient to state a claim against individual defendants under Section 1983.

Plaintiff also mistakenly believes bringing a claim against the Mayor of Philadelphia is the same as bringing a claim against the City of Philadelphia. The complaint incorrectly states "Defendant Michael Nutter, Mayor of Philadelphia is a municipality, which owns, operates, controls and promulgates policies governing the PPS . . . ." To state a claim against the City of Philadelphia, plaintiff must allege the violation of his constitutional rights was the result of the City's official policy or custom. *See Mulholland v. Gov't Cnty. Of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013). The City cannot automatically be held liable based on the acts of its employees. Instead, "[w]hen a suit against a [city] is based on § 1983, the [city] can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Plaintiff has failed to state any allegation in his complaint that his housing conditions were caused by a policy or a custom of the City. The only facts alleged in the complaint are related to the plaintiff being subjected to overcrowded conditions from being housed in three and four man cells. The complaint fails to state a claim against the City of Philadelphia.

## IV. CONCLUSION

Defendants' motion to dismiss plaintiff's complaint will be granted. Plaintiff will be granted leave to amend his complaint. An appropriate order follows.